IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

DEVELOPMENT DESIGN GROUP, INC., *

Plaintiff, *

v. * Civil Action No. JFM S-00-CV518

CARTER & BURGESS, INC., et. al. *

Defendants. *

* * * * * * * * * * * * * *

PROTECTIVE ORDER OF CONFIDENTIALITY

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 104.13, the Court, for good cause shown, hereby ORDERS as follows:

1. This Protective Order of Confidentiality ("Order") shall govern any deposition testimony, documents, and other discovery materials produced by the parties that constitutes or contains any confidential information as contemplated by Fed. R. Civ. P. 26(c)(7), and that is designated by a party as "CONFIDENTIAL" (hereafter referred to as "Confidential Information"). This Order does not govern disclosure of any material obtained by any party other than through the discovery process in this case.

2. Each page of each document containing Confidential Information produced pursuant to this Order will be stamped "CONFIDENTIAL."

[Exhibit A]

CH 8/7/00 ms

48

3. All Confidential Information produced or exchanged in the course of this litigation shall be used solely and only as expressly permitted in this Order for the purpose of preparation and trial of this litigation and for no other purpose, and shall not be disclosed to any person other than a Qualified Person.

"Qualified Person," as used in this Order means:

(a) attorneys of record for the parties in this case and employees of such attorneys to whom it is necessary that the Confidential Information be shown for purposes of this litigation;

(b) court reporters retained to transcribe deposition testimony in this litigation, provided they have read this Order and signed Exhibit A; and

(c) experts in this litigation, provided (i) they have been disclosed pursuant to Rule 26(a)(2) and (ii) they have read this Order and signed Exhibit A; and

(d) attorneys for any non-party who may testify in a deposition and their legal, paralegal and clerical employees, provided they have read this Order and signed Exhibit A.

All Qualified Persons agree to submit his or her person to the jurisdiction of this Court for the limited purpose of securing compliance with the terms of this Order.

4. In the event a party proposes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation under seal, such party making such filing must simultaneously submit a motion and accompanying order which includes (a) proposed reasons supported by

specific factual representations to justify the sealing, and (b) an explanation why alternatives to sealing would not provide sufficient protection. The parties further agree that any Confidential Information ordered by the Court to be filed under seal shall be in a separate envelope marked with the following legend:

> CONFIDENTIAL MATERIAL FILED UNDER SEAL
>
> The material in this envelope is filed under seal and shall not be opened or disclosed except by the Court or by Order of the Court in this action. This is subject to the provisions of the Stipulated Order of Confidentiality entered by the Court in this action.

The Clerk of Court is directed to maintain under seal all documents and transcripts of deposition testimony and other pleadings ordered by the Court to be filed under seal which have been designated as Confidential Information unless and until the Court orders the Confidential Business Information unsealed.

5. Any party receiving Confidential Information may object in writing to such designation. Thereafter, to preserve such designated status, the designating party shall be obligated to move the Court for an order preserving the designated status of such item within fifteen (15) days of receipt of the written objection, and failure to so move shall constitute a waiver of the status of such item as Confidential Information. In the event the designating party so moves the Court, the involved material shall be treated as Confidential material pending resolution of the

motion. On any motion pursuant to this paragraph, the burden shall be on the party seeking confidentiality to justify it under Rule 26(c).

6. With respect to contact of any clients or customers (past or present) or other persons whose identities are disclosed during discovery pursuant to this Order, no Qualified Persons to whom client or customer identities have been disclosed shall contact, directly or indirectly, any such client or customer, except pursuant to an Order of the court.

7. Nothing in this Order shall prevent any party or other person from seeking enforcement or modification of this Order, from objecting to discovery that it believes to be otherwise improper, from asserting rights to discovery in any other proceeding, or from contesting the propriety of confidentiality with respect to some or all of the documents produced. Further, the approval of this Order by this Court does not constitute a determination by this Court that any particular responsive document is adjudged to be confidential.

8. All Confidential Information shall be returned to the producing party at the conclusion of this action or after a final decision on appeal or appellate review, whichever is later, unless otherwise ordered by this Court. With respect to any Confidential Information filed with the Court under seal, the clerk may destroy such materials or return them to the producing party.

9. Nothing in this Order shall be construed as an admission of relevance or to affect in any way the admissibility of any

documents, testimony or other evidence in this action. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible in this action.

Dated: August 7, 2000

JUDGE
UNITED STATES DISTRICT COURT

Counsel for the parties hereby stipulate and agree to the form of this Protective Order of Confidentiality this 3rd day of August, 2000.

James A. Rothschild
Anderson, Coe & King
Suite 2000
201 N. Charles Street
Baltimore, Maryland 21201-4135

Attorneys for Plaintiffs

Francis J. Gorman, P.C.
Charles L. Simmons, Jr.
Michael S. Yang
Gorman & Williams
Two North Charles Street, St. 750
Baltimore, Maryland 21201-3754
(410) 528-0600

Attorneys for Defendants